OPINION oí the Court, by
Judge Clark.
Con. rod Lear, on the 8th of May 1800, sold to James Campbell 200 acres oí laud, and agreed to convey the same by lease and release, when Campbell should hav„ paid the state price, and procured the patent, Lear in 1801, (Campbell not having paid up the slate price) paid to the state what was due for the land, and obtained a patent : and offered to convey, upon Campbell’s paying what he had advanced in procuring the patent. Campbell agreed to do so, but failing to make payment, Lear sold the debt to Gamble, or if Campbell would not pav the money, then Gamble was to have the land. Campbell, to obtain a conveyance, filed his bill making Lear and Gamble defendants. The circuit court decreed a conveyance upon Campbell’s paying to Lear the money he had paid in procuring the patent. From which decree Campbell has appealed to this court.
By the terms of the contract, Campbell became bound to pay the state price, and procure the patent, before he could demand a deed ; until this was paid the com monwealth had a right to retain the legal title a. a security. The appellee having discharged this debt, and by that means obtained the legal title became a creditor to that amount, and in reason and justice had the same lien upon the estate thus acquired as the commonwealth had. As the appellant could not have procured from the state a grant for thesland before he had paid what was due her by virtue ol: the several acts authorising the sale of vacant lands, he could not after the appellee had discharged him from th.r obligation compel a conveyance, without paying wha had been previously advanced for his benefit. It i true that if the appellee had prosecuted a suit for thi money he had thus advanced, he could not havt recovered otherwise than according to the terms ofthi ’contract with the commonwealth, which might bavi bean discharged, by virtue of the several acts regulating the payment of the debt due the state from the settlers south of Green river, in twelve annual instalments. But this principle does not hold when spilled to tht appellant, who prosecuted this suit for a title. V/henht came into a court of equity, he was bouau to shew hi *453 had done equity. For though the appellee could not have compelled him to have paid n sooner than the suite could have done, yet the appellant had the right to waive that advantage and require a deed upon the payment of the money. The suit was his election, and the court did right in requiring the payment of the mo-íuv as a condition precedent.
Decree i.iFirrt.ca with costs.